UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

### OMNIBUS ORDER ON MOTION TO DISMISS, PETITION FOR INJUNCTIVE RELIEF, MOTION FOR LEAVE TO AMEND, AND MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendants Rocket Mortgage, LLC and Amrock, LLC's (together, "Defendants") Motion to Dismiss Complaint, ECF No. [8] ("Motion to Dismiss"), Plaintiff Mark A. Turner's ("Plaintiff" or "Turner") Petition for Injunctive Relief, ECF No. [15] ("Petition"), Plaintiff's Petition[] for [] Leave to File Amended [] Complaint, ECF No. [19] ("Motion to Amend"), and Defendants' Motion to Stay Case Pending Adjudication of the Motion to Dismiss, ECF No. [22] ("Motion to Stay") (collectively, the "Motions"). The Court has carefully considered the Motions, including any opposing and supporting filings, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion to Dismiss is granted in part, the Petition is denied, the Motion to Amend is granted, and the Motion to Stay is denied as moot.

    **I.**    **BACKGROUND**

This case involves a mortgage agreement between Plaintiff and Defendants. In the Complaint, Plaintiff alleges that Defendants committed breaches of contract and fiduciary duties,

fraud, negligence, and violated the Fair Debt Collection Practices Act ("FDCPA"). *See generally*, ECF No. [1-1] at 2-11. Plaintiff filed his Complaint against Defendants in state court and Defendants removed the case on the basis of federal question jurisdiction on September 21, 2022. ECF No. [1]. On September 28, 2022, Defendants filed their Motion to Dismiss, to which Plaintiff filed a Response, ECF No. [11], and Defendants filed their Reply. ECF No. [13]. Plaintiff filed his Petition on October 24, 2022, to which Defendants filed a Response, ECF No. [21]. On November 3, 2022, Plaintiff filed the Motion to Amend, ECF No. [19], and Defendants have requested that the Court stay proceedings in this case pending a ruling on the Motion to Dismiss, *see* ECF No. [22]. Because a resolution of the Motion to Dismiss is dispositive of the other Motions, the Court considers it first.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, the Court construes the pleadings broadly and views the allegations in the complaint in the light most favorable to the plaintiff. *Bishop v. Ross Earle &*

*Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016); *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

Turner is a *pro se* litigant. Importantly, "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded *pro se* litigants does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III. DISCUSSION

#### A. Motion to Dismiss

Defendants argue that the Complaint should be dismissed because it is a shotgun pleading that violates federal pleading standards, and therefore fails to state a claim for relief. Specifically, Defendants argue that the Complaint is an incoherent narrative, each count is based on the same facts, and the counts do not specify which facts apply to each. In response, Plaintiff asserts that the causes of action are adequately alleged and reasserts the elements of each claim. Upon review, and despite Plaintiff's contentions to the contrary, the Complaint is a shotgun pleading that does not conform to federal pleading standards.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an

intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)). Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x 962, 963 (11th Cir. 2009) (citations omitted).

Here, the Complaint contains repetitively numbered paragraphs in a confusing narrative

format replete with immaterial facts not obviously connected to any particular cause of action. Plaintiff's claims appear to be related to Defendants' failure to properly apply payments toward real estate taxes, but the facts applicable to each of the five counts asserted are not sufficiently clear to allow Defendants to formulate a response. Rule 10(b) of the Federal Rules of Civil Procedures states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .] If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Indeed, the failure to identify claims with sufficient clarity to enable a defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2). *Byrne*, 261 F.3d at 1129-30. The Complaint fails to clearly identify which underlying facts relate to each cause of action, and as a result, the Complaint is due to be dismissed as a shotgun pleading.

    **B.  Leave to Amend**

In the Motion to Dismiss, Defendants request further that the Complaint be dismissed with prejudice because Plaintiff does not, and cannot, assert a viable cause of action. Plaintiff, however, has requested leave to amend, and the request is well within the deadline for amendment to the pleadings set out in the Court's Scheduling Order, ECF No. [13]. Mindful that Plaintiff is a *pro se* litigant, the Court will afford Plaintiff the opportunity to file an amended complaint that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) (indicating that dismissal as a shotgun pleading is dismissal on "non-merits Rule 8 grounds").

    **C.  Petition for Injunctive Relief**

In the Petition, Plaintiff requests an injunction to prevent what Plaintiff characterizes as

"undue and inflated mortgage payment and a[n] increased principle balance," which he asserts is causing irreparable harm to his credit. ECF No. [15] at 2. Defendants contend that the request is duplicative of the relief sought in the Complaint, and that Plaintiff cannot make the showing necessary for injunctive relief, namely because he fails to state a cause of action. Upon review, the Court agrees that the Petition must be denied.

The Eleventh Circuit has made it clear that "any motion or suit for a traditional injunction *must be predicated upon a cause of action*, such as nuisance, trespass, the First Amendment, etc., regarding which a plaintiff must show a likelihood or actuality of success on the merits." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (emphasis added).

> There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). *See, e.g.*, *Paisey v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) ("[T]he district court did not err in denying [the plaintiff's] motion for a preliminary injunction and dismissing the injunctive count of [the plaintiff's] complaint because [the plaintiff] has failed to state a claim for relief . . . .").
>
> Considering the issue from another perspective, a traditional injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed — if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise. Of course, even if his common law, statutory, or constitutional rights have been violated, the plaintiff must also meet the other requirements for obtaining an injunction to show that an injunction is the proper remedy for such violation.

*Id.* Thus, "a party may not obtain a 'traditional' injunction if he lacks a cognizable, meritorious claim." *Id.* at 1097 n.5.

Here, the Complaint is a shotgun pleading, and therefore fails to adequately state any claims. Accordingly, Plaintiff's Petition is denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

1. Defendants' Motion to Dismiss, **ECF No. [8]**, is **GRANTED IN PART**. The Complaint is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

2. Plaintiff's Motion to Amend, **ECF No. [19]**, is **GRANTED**. Plaintiff may file an Amended Complaint that complies with federal pleading standards, **no later than November 21, 2022**.

3. Plaintiff's Petition for Injunctive Relief, **ECF No. [15]**, is **DENIED**.

4. Defendants' Motion to Stay, **ECF No. [22]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner, *pro se*
1411 SE 26the Ave.
Homestead, Florida 33035