UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23028-BLOOM/OTAZO-REYES

MARK A. TURNER

      Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC

      Defendants.
_____/

## SEALED REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Mark A. Turner's ("Plaintiff") Motion for and Petition for the Court to Re-Open Case for Rehearing and Litigation (hereafter, "Motion to Re-Open Case") [D.E. 92] and Defendants Rocket Mortgage, LLC and Amrock, LLC's (together, "Defendants") Motion to Enforce Settlement Agreement [D.E. 100]. These matters were referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom [D.E. 62]. The undersigned held a hearing on these matters on July 6, 2023 (hereafter, "Hearing") [D.E. 108].

At the Hearing, the undersigned reviewed in detail the transcript of the settlement conference conducted before the undersigned on May 18, 2023, which documents the settlement terms agreed to by the parties (hereafter, "Transcript") [D.E. 107 (under seal)]; and compared it with the Settlement Agreement that Defendants seek to enforce [D.E. 102-1 (under seal)].[1] As a

---

[1] It appears that pages 2 and 3 of the Settlement Agreement were uploaded to the Court docket in reverse order. At the Hearing, the undersigned confirmed that, other than this pagination error, the document filed at D.E. 102-1 under seal is a complete and correct copy of the Settlement Agreement submitted by Defendants to Plaintiff for his execution.

result of this comparison, the undersigned found that the Settlement Agreement accurately reflects the settlement terms agreed to by the parties at the settlement conference.

Plaintiff claimed at the Hearing that he "assumed" that some additional term, which he referred to as "compensatory damages," was included in the settlement. However, as reflected in the Transcript, Plaintiff only made the following comments with regard to the settlement terms:

> THE COURT: Anything else from anyone? All right. Mr. Turner, any comments? All set?
> MR. TURNER: No, I think everything has been addressed as far as I'm concerned.
> THE COURT: All right.
> MR. TURNER: I think -- I just got an e-mail yesterday that said something about they're having (unintelligible), but I guess that's something that Rocket Mortgage is offering a lower interest rate. But I guess that's something I would have to deal with after this.
> THE COURT: Yes.
> MR. TURNER: But other than that, I guess I'm good with it. The only last part thing I would like to say is it was, like I said, a very negative customer experience. If they valued us, I wouldn't be angry at them if they decided they want to throw some headache money and say we're sorry, sometimes things happen like this and we're remorseful that it happened. But it would not be a deal-breaker. I would accept the terms of the agreement, but I'm just saying that sometimes some people like to express that -- say hey, you know, we would like to make you whole, we're sorry that you had --
> THE COURT: I'm sorry, Mr. Turner. Those were the terms that you agreed to.
> MR. TURNER: Yes.
> THE COURT: So those are the terms on the record.
> MR. TURNER: Yes. Yes. Yes. Yes.

See Transcript [D.E. 107 at 3-4 (under seal)].

As the undersigned explained to Plaintiff at the Hearing, his express agreement to the settlement terms binds him and precludes him from adding new terms to the Settlement Agreement. Therefore, the undersigned RESPECTFULLY RECOMMENDS that: Plaintiff's Motion to Re-Open Case [D.E. 92] be DENIED; Defendants' Motion to Enforce Settlement Agreement [D.E. 100] be GRANTED; and Plaintiff be ordered to execute the Settlement Agreement within ten (10) days. The undersigned further recommends that Defendants' request for attorney's fees and costs be held in abeyance pending Plaintiff's compliance.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P.-3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 7th day of July, 2023.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Beth Bloom

      Counsel of Record

      Mark A. Turner, *pro se*
      1411 SE 26th Avenue
      Homestead, FL 33035