UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23028-BLOOM/Otazo-Reyes**

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

## ORDER ADOPTING REPORT & RECOMMENDATION

**THIS CAUSE** is before the Court on Plaintiff Mark A. Turner's ("Plaintiff" or "Turner") Motion and Petition for the Court to Re-Open Case for Rehearing and Litigation, ECF No. [92] ("Plaintiff's Motion"). The Court previously referred the above-styled action to Magistrate Judge Alicia M. Otazo-Reyes upon Defendants' Unopposed Request for Settlement Conference, ECF No. [60]. ECF No. [62]. On June 23, 2023, Defendants Rocket Mortgage, LLC and Amrock, LLC ("Defendants") filed a Response in Opposition to Plaintiff's Motion, ECF No. [100] ("Defendants' Motion to Enforce Settlement Agreement" or "Defendants' Motion"), wherein they request that the Court enforce a settlement agreement between the parties ("Settlement Agreement"). On July 7, 2023, Judge Otazo-Reyes issued a Sealed Report and Recommendation, ECF No. [110] ("R&R"),[1] recommending that that Plaintiff's Motion be denied, and that Defendants' Motion be granted in part.[2] The R&R advised the parties that objections to the R&R must be filed within

---

[1] On July 10, 2023, Judge Otazo-Reyes entered an Order to unseal the R&R. ECF No. [111].

[2] In preparing the R&R, Judge Otazo-Reyes reviewed an unexecuted copy of the settlement agreement, which was filed under seal. ECF No. [102-1] ("Settlement Agreement"). Due to the confidential nature of the settlement terms, the Court will not discuss the terms, except the term that Plaintiff asserts is a material term that was omitted from the Settlement Agreement.

fourteen (14) days of the R&R. ECF No. [110] at 3. Plaintiff timely filed an Objection to the R&R, ECF No. [112] ("Objection"), to which Defendants filed a Response, ECF No. [119] ("Response"). The Court has considered the R&R, the Objection, the Response, the record in this case, and the applicable law, and is otherwise duly advised. For the reasons that follow, the Objection is overruled, and the R&R is adopted.

## I.     BACKGROUND

On August 22, 2022, Plaintiff filed the Complaint in this action. *See* ECF No. [1-1]. On Number 7, 2022, the Court entered an Order dismissing without prejudice the Complaint. ECF No. [23]. On November 8, 2022, Plaintiff filed an Amended Complaint, ECF No. [24], thereafter, filed a Second Amended Complaint, ECF No. [26], and the Court entered an Order deeming the Second Amended Complaint operative on November 22, 2022. ECF No. [31]. On February 21, 2023, the Court referred the action to Judge Otazo-Reyes for a settlement conference. ECF No. [62] ("Referral Order"). Pursuant to the Referral Order, Judge Otazo-Reyes entered an Order Scheduling Settlement Conference on February 21, 2023 that set the action for a settlement conference. ECF No. [63]. The settlement conference was adjourned for further discussions among the parties. ECF No. [66]. Another settlement conference was held on May 18, 2023. ECF No. [89] ("Continued Settlement Conference").

The following is taken from the transcript of the Continued Settlement Conference, which was filed under seal. *See* ECF No. [107] ("Transcript"). Judge Otazo-Reyes asked Drew Patrick O'Malley ("O'Malley"), counsel for Defendants, to "articulate the terms of the settlement agreement." *Id.* at 2:8. Judge Otazo-Reyes added, "Mr. Turner, you listen. If there's anything you can catch, you let us know," to which Plaintiff responded, "[o]kay." ECF No. [107] at 2:9-11.

After O'Malley stated the terms of the agreement, Judge Otazo-Reyes and Plaintiff engaged in the following colloquy:

> THE COURT: All right. . . . Anything else from anyone? All right. Mr. Turner, any comments? All set?
> MR. TURNER: No, I think everything has been addressed as far as I'm concerned.
> THE COURT: All right.
> MR. TURNER: I think – I just got an e-mail yesterday that said something about they're having (unintelligible), but I guess that's something that Rocket Mortgage is offering a lower interest rate. But I guess that's something I would have to deal with after this.
> THE COURT: Yes.
> MR. TURNER: But other than that, I guess I'm good with it.
> The only last part thing I would like to say is it was, like I said, a very negative customer experience. If they valued us, I wouldn't be angry at them if they decided they want to throw some headache money and say we're sorry, sometimes things happen like this and we're remorseful that it happened. But it would not be a deal-breaker. I would accept the terms of the agreement, but I'm just saying that sometimes people like to express that – say hey, you know, we would like to make you whole, we're sorry that you had –
> THE COURT: I'm sorry, Mr. Turner. Those were the terms you agreed to.
> MR. TURNER: Yes.
> THE COURT: So those are the terms on the record.
> MR. TURNER: Yes. Yes. Yes. Yes.
> THE COURT: All right. Very good.
> Thank you very much. Appreciate your time and your input. I will report that the case has been resolved to Judge Bloom, and I anticipate then that once the settlement agreement is executed, the stipulation of dismissal will be submitted. Thank you very much for your time and your efforts in this case.

*Id.* at 3:11-4:19. Judge Otazo-Reyes entered a Notice of Outcome of Continued Settlement Conference that stated that the action had been settled in its entirety. ECF No. [89]. Accordingly, the Court entered an Order administratively closing the case. ECF No. [91].

On June 13, 2023, Plaintiff filed the instant Motion. Plaintiff represents that he discovered an omission of "one relevant and important contractual contingency," which the Court refers to as the Interest and Penalties Term. *See* ECF No. [92] at 2 ("the compensatory issue is [] the [waiver], cancelation of . . . of accumulated interest and penalties"). For that reason, Plaintiff requested that

the Court re-open the case until such time as the parties correct the purported oversight and sign the agreement. *Id.* at 3.

On June 23, 2023, Defendants filed their Response, wherein they requested that the Court enforce the settlement terms agreed to by the parties and award Defendants attorneys' fees and costs incurred in enforcing the settlement agreement. That same day, Plaintiff filed three exhibits. ECF No. [101].

On June 26, 2023, Plaintiff filed his Reply. ECF No. [104]. In relevant part, Plaintiff argues the settlement agreement was merely "verbal and tentative" and only a written agreement executed by the parties may be enforced. *Id.* at 4. Plaintiff contends the Settlement Agreement was not reduced to writing at the time Judge Otazo-Reyes convened the Continued Settlement Conference and that the parties had agreed to a settlement that included the Interest and Penalties Term. *Id.* at 6-7, 9. Plaintiff states he was at a disadvantage during settlement negotiations because counsel for the opposing parties drafted the settlement agreement. *Id.* at 8. Plaintiff further argues Defendant Rocket Mortgage engages in unlawful loan and debt-collections practices and abuse of the elderly. *Id.* at 10-11. Finally, Plaintiff contends the Settlement Agreement is unenforceable as unconscionable. *Id.* at 11-13.

After a hearing held on July 6, 2023, ECF No. [108],[3] Judge Otazo-Reyes entered the R&R. ECF No. [110]. The R&R notes the Settlement Agreement accurately reflects the settlement terms agreed to by the parties at the Continued Settlement Conference. *Id.* at 2. The R&R observes that Plaintiff did not raise the issue of a missing essential contractual term and that Plaintiff expressly agreed to the settlement terms discussed at the Continued Settlement Conference. *Id.* On that basis, Judge Otazo-Reyes concluded Plaintiff was bound by the settlement terms and precluded from

---

[3] The docket entry for the July 6, 2023 hearing notes: "TRANSCRIPT NOT TO BE TRANSCRIBED ABSENT WRITTEN ORDER FROM MAGISTRATE JUDGE OTAZO-REYES."

adding new terms to the Settlement Agreement. *Id.* The R&R recommends that the Motion be denied, the Defendants' Motion to Enforce Settlement Agreement be granted, and that Plaintiff be ordered to execute the Settlement Agreement within ten days. *Id.* Finally, the R&R recommends that Defendants' request for attorneys' fees and costs be held in abeyance pending Plaintiff's compliance. *Id.*

On July 11, 2023, Plaintiff filed the Objection. ECF No. [112]. Plaintiff claims Judge Otazo-Reyes failed to include the Interest and Penalties Term, which he demanded before and during the Continued Settlement Conference. *Id.* at 3-4. Plaintiff asserts that term was "essential" to the Settlement Agreement. *See id.* at 2 ("The Magistrate . . . erroneously construed . . . that plaintiff was dismissive of the second material term, but the plaintiff categorically denies he made a conscious decision to waive the second and essential material term"). Plaintiff then asserts Plaintiff failed to notice that the Interest and Penalties Term was not included when he assented to the agreement. *See id.* at 2 ("the plaintiff didn't object simply because Judge Otazo-Reyes did not declare the 2nd material term in the recital, then asked the plaintiff to make a snap judgment . . . at the conclusion of settlement hearing, without time and opportunity to review the agreement for errors and exclusions"). In Plaintiff's view, settlement agreements are not like a game of "Simon Says" and Plaintiff is not bound by the Settlement Agreement because a settlement agreement reached at mediation must be in writing and signed by all parties. *Id.* at 4. Plaintiff points to a variety of Exhibits to support the proposition that he clearly and unambiguously designated the Interest and Penalties Term as an essential term. *See, e.g.*, *id.* at 5-6. Plaintiff makes several other arguments in the Objection, including restating and elaborating on his arguments raised in the Reply. *See id.* at 4-13.

5

In its Response, Defendants argue that Plaintiff's contention that an essential term was missing is belied by the transcript and refuted in the R&R. ECF No. [119] at 4. Defendants renew their request for attorneys' fees and costs. *Id.* at 4-5. Alternatively, Defendants ask that the Court dismiss Plaintiff's Second Amended Complaint with prejudice. *Id.* at 5.

Afterward, Plaintiff filed a series of Motions. On July 11, 2023, Plaintiff requested a rehearing before this Court on Plaintiff's Objection. ECF No. [113]. On July 12, 2023, Plaintiff filed a Motion to Quash the Omnibus Order, raising various purported procedural errors in Judge Otazo-Reyes's Order. ECF No. [116]. On July 26, 2023, Plaintiff filed a Motion "Leave to File" Submission of Florida Statutes, 725 "Unenforceable Contracts" and 673.3111 "Accord and Satisfaction by Use of Instrument." ECF No. [120]. Therein, Plaintiff attaches Chapter 725 of the Florida Statutes, and "673.3111 Accord and Satisfaction by use of instrument." *Id.* at 1-2.

## II.   LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J. R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v.*

*WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

For the most part, Plaintiff's seeks to relitigate matters submitted to Judge Otazo-Reyes in the Objection. The Court will not afford Plaintiff a "second bite at the apple." *Marlite*, 2012 WL 3614212, at *2. The only specific finding in the R&R to which Plaintiff objects is Judge Otazo-Reyes's determination that Plaintiff is bound by the terms of the Settlement Agreement because he expressly agreed to the terms at the Continued Settlement Conference. ECF No. [112] at 2, 4. The Court turns to that Objection.

Plaintiff raises two arguments in support. First, Plaintiff argues a settlement agreement reached at a settlement conference must be in writing and signed by all parties. ECF No. [112] at 4. Relatedly, Plaintiff asserts the Interest and Penalties Term is an essential provision of the Settlement Agreement and that his inadvertence in failing to notice the term's exclusion should be excused. *Id.*

Plaintiff asserts, and Defendants do not dispute that, Florida law applies to the validity and enforceability of the Settlement Agreement. *See, e.g.*, ECF No. [112] at 4 (citing *inter alia Thomas v. Thomas*, 304 So. 3d 819 (Fla. 1st DCA 2020)). Applying Florida law, a settlement agreement is

7

a contract and, as such, is construed according to Florida's general contract law principles. *See Wong v. Bailey*, 752 F.2d 619, 621 (11th Cir. 1985). Settlements may exist and be enforced even though they are not signed by the parties or even reduced to writing. *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 902 (Bankr. M.D. Fla. 2012); *see also Bonagura v. Home Depot*, 991 So. 2d 902 (Fla. 1st DCA 2008); *Boyko v. Ilardi*, 613 So. 2d 103 (Fla. 3d DCA 1993). An agreement announced in open court is generally an enforceable settlement agreement. *Richardson v. Knight*, 197 So. 3d 143, 144 (Fla. 4th DCA 2016).

In this case, the Settlement Agreement was not executed, but that is "not a barrier to the Court's ability to find that a settlement was actually reached." *Rolsafe*, 477 B.R. at 903 (citing *Patrick v. Christian Radio*, 745 So.2d 578, 580 (Fla. 5th DCA 1999) (holding that settlement was effective even though certain executory documents had not yet been executed)). Thus, the question is whether the Interest and Penalties Term was an essential term of the Settlement Agreement. "[T]here must be an offer, acceptance, and consideration, as well as a meeting of the mind[s] on all essential terms." *Rolsafe*, 477 B.R. at 902 (citing *Don L. Tullis & Assocs., Inc. v. Benge*, 473 So. 2d 1384, 1386 (Fla. 1st DCA 1985)).

Plaintiff argues he is not bound by the Settlement Agreement because it lacks an essential term, but Plaintiff's statements contradict that argument. After O'Malley summarized the terms of the agreement, Judge Otazo-Reyes asked, "[a]nything else from anyone? All right. Mr. Turner, any comments? All set?" ECF No. [107] at 3:11-12. Plaintiff replied, "[n]o, I think ***everything has been addressed*** as far as I'm concerned." *Id.* at 3:13-14 (emphasis added). While Plaintiff was describing his desire that Defendants provide him with "headache money" and an apology, Judge Otazo-Reyes interrupted Plaintiff, stating "[t]hose were the terms that you agreed to." *Id.* at 3:22-4:9. Plaintiff responded, "[y]es." *Id.* at 4:10. Judge Otazo-Reyes continued, "[s]o those are the

8

terms on the record." *Id.* at 4:11. Plaintiff replied, "**Yes. Yes. Yes. Yes.**" *Id.* at 4:12 (emphasis added). The foregoing demonstrates the parties agreed on the terms of the Settlement Agreement. It follows that the Interest and Penalties Term that Plaintiff claims was missing from the Settlement Agreement was *not* essential. The absence of the term will thus not render the Settlement Agreement unenforceable. *See Spiegel v. H. Allen Holmes, Inc.*, 834 So.2d 295, 297 (Fla. 4th DCA 2003) ("Uncertainty as to nonessential terms or small items will not preclude the enforcement of a settlement agreement."). As such, Plaintiff cannot argue he did not mean what he said at the Continued Settlement Conference. To the extent that Plaintiff argues he inadvertently overlooked that the Settlement Agreement lacked a term, he provides no basis in fact or law supporting that he should be able to take back what he said at the Continued Settlement Conference. Plaintiff does not offer evidence that Defendants ever assented to the Interest and Penalties Term. The Court need not accept Plaintiff's subjective understanding of the Settlement Agreement; it is black letter law that the parties' objective manifestations govern an enforceable contract's existence, not their idiosyncratic impressions. *See Gendzier v. Bielecki*, 97 So. 2d 604, 608 (Fla. 1957) ("The making of a contract depends not on the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but on their having said the same thing." (quoting Oliver Wendell Holmes, *Dedication, The Path of the Law*, 10 HARV. L. REV. 457 (1897))).[4] As such, the agreement is valid and enforceable.

Finding so, the Court declines to reach Plaintiff's other arguments raised for the first time in his Objection. There is no indication that Plaintiff's other arguments, including that the Settlement Agreement is unconscionable, were ever raised with Judge Otazo-Reyes. As such, this

---

[4] To the extent Plaintiff urges the Court to consider his state of mind, his *post hoc* rationalization—when evaluated against the Transcript—appears to a self-serving attempt to amend his statements at the Continued Settlement Conference.

Court declines to consider Plaintiff's other arguments. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (concluding that district court properly declined to consider timeliness argument not presented to magistrate). In doing so, the Court notes that Plaintiff's unconscionability argument is undercut by his own statements. After all, Plaintiff states that he explained to O'Malley that, apart from the Interest and Penalties Term, "the rest of the settlement language he drafted was correct and acceptable[.]" ECF No. [92] at 2.

Because the Court finds the Settlement Agreement is valid and enforceable, Plaintiff's other filings are due to be denied. The Court need not hear further argument and denies Plaintiff's request for a hearing, ECF No. [113]. Plaintiff's procedural arguments against Judge Otazo-Reyes's June 26, 2023 Omnibus Order have no bearing on the Motion, so Plaintiff's Motion, ECF No. [116], is dismissed. Because the Court declines to consider the unconscionability argument, the Court denies Plaintiff's request for leave to file supplemental authority on the matter as moot, ECF No. [120].

## IV.   CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. the R&R, **ECF No. [110]**, is **ADOPTED**.

2. Plaintiff's Objection, **ECF No. [112]**, is **OVERRULED**.

3. Plaintiff's Motion and Petition for the Court to Re-Open Case for Rehearing and Litigation, **ECF No. [92]**, is **DENIED**.

4. Defendants' Motion to Enforce Settlement Agreement, **ECF No. [100]**, is **GRANTED IN PART**. Plaintiff shall execute the Settlement Agreement, ECF No. [102-1], by **August 21, 2023**. The Court holds in abeyance Defendants' request for attorneys' fees and costs pending Plaintiff's compliance.

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

5. Plaintiff's Request for Hearing, **ECF No. [113]**, is **DENIED**.

6. Plaintiff's Motion to Quash Magistrate Omnibus Orders 06/26/23, **ECF No. [116]**, is **DENIED**.

7. Plaintiff's Motion for "Leave to File," Submission of Florida Statutes, 725 "Unenforceable Contracts" and 673.311 "Accord and Satisfaction by use of Instrument," **ECF No. [120]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 10, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035
PRO SE