UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion Requesting Judge Bloom to Set Aside Order Accepting and Granting Magistrate's Report and Recommendation, ECF No. [122], and Plaintiff's Objection to Judge Beth Bloom's Order Granting Magistrate's Report and Recommendation, ECF No. [123], filed on August 21, 2023. As Plaintiff is *pro se*, the Court construes Plaintiff's August 21, 2023 filings together as a motion for reconsideration ("Motion") of the Court's August 11, 2023 Order Adopting Report & Recommendation ("R&R"), ECF No. [121] ("August 11, 2023 Order"). The Court has considered the Motion, the record, the relevant law, and is otherwise fully advised. For the reasons below, the Motion is denied.

    **I.**    **BACKGROUND**

The Court's Order, dated August 11, 2023, adopted Magistrate Judge Otazo-Reyes's R&R, ECF No. [110], and denied Plaintiff's Objection thereto, ECF No. [112]. ECF No. [121]. In doing so, the Court denied Plaintiff's Motion and Petition for the Court to Re-Open Case for Rehearing and Litigation, ECF No. [92]; and granted in part and denied in part Defendant's Motion to Enforce Settlement Agreement, ECF No. [110], holding in abeyance Defendants'

request for attorneys' fees and costs and ordering Plaintiff to execute the Settlement Agreement by August 21, 2023. ECF No. [121] at 10. The Court thus denied Plaintiff's other pending motions as moot, including Plaintiff's Request for Hearing, ECF No. [113]; *see also* ECF Nos. [116], [120].

On August 21, 2023, Plaintiff filed the instant Motion. First, Plaintiff states he was not afforded the opportunity to refer to, introduce or rely on audio tape transcription in arguing that Judge Otazo-Reyes omitted a material term of the settlement agreement and therefore that there was no meeting of the minds on the agreement. ECF No. [112] at 2. Second, Plaintiff contends he "never received a copy of the order to answer or object to the . . . order granting the report and recommendation;" and argues that it is prejudicial, a denial of due process, and inherently unfair for the Court not to afford Plaintiff an opportunity for a hearing on the R&R. *Id.* In support, Plaintiff attaches a copy of the Order granting Plaintiff's Petition for Transcription of Hearings, ECF No. [117], and the underlying Petition. *Id.* at 4-8. Third, Plaintiff argues the Settlement Agreement is unenforceable under the Statute of Frauds. ECF No. [123] at 2. Fourth, Plaintiff argues the Settlement Agreement lacked a material term and that there was no meeting of the minds. *Id.* Plaintiff raises a host of other contentions, including that the Settlement Agreement is unfair, fraudulent, and unconscionable. *Id.* at 8-9. Plaintiff appears to imply that Judge Otazo-Reyes and Defendants colluded to foist the Settlement Agreement on him. *See id.* at 9 ("The Magistrate and Defendant 'fraudulently' or with 'misrepresentation', or by Mutual 'Unintentional Mistake' [] omitted the 'surety' or debt"). The Motion also appends what appears to be an affidavit explaining his "compensatory settlement demands" and "adjusted mortgage escrow account analysis." *Id.* at 17-18.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure Rule 60, courts may grant relief from an

order based upon a variety of specifically enumerated reasons. *See* Fed. R. Civ. P. 60(b). Pertinent here, courts may grant relief where there is "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(2). Further, the Rule provides that a court may relieve a party from an order for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)[1] (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)). "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

### III. DISCUSSION

The Court construes Plaintiff's Motion as a motion for reconsideration under Rule 60(b) because it seeks relief from the Court's August 11, 2023 Order. A motion for reconsideration of a court's order cannot be used to relitigate old matters under Rule 60(b). *See Rings v. Chatham Cnty., GA*, 144 F. App'x 99, 100 (11th Cir. 2005) (citing *Carter v. Dolce*, 741 F.2d 758, 760 (5th Cir. 1984) (Rule 60(b) "may not be used merely to relitigate settled issues")). The Court thus declines to revisit issues that Plaintiff has previously raised and considers only whether Plaintiff has raised any new argument that falls under a specifically enumerated reason listed in Rule

---

[1] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

60(b).

The only new argument that Plaintiff appears to be raising is that Defendants have committed fraud by "tricking" him into agreeing to the Settlement Agreement, but that trickery is not apparent from the record. As the Court has explained, counsel for Defendants recited the material terms of the Settlement Agreement during the proceedings held before Judge Otazo-Reyes on May 18, 2023. *See* ECF No. [107] at 2:8-11.[2] Plaintiff expressly stated that he agreed to those terms. *See id.* at 3:11-4:19. The Court discerns no fraud and the Plaintiff has not pointed to any evidence of such fraud. Moreover, the Court disagrees with Plaintiff that his supposed inadvertence in failing to recognize the absence of a purportedly material term in the Settlement Agreement during those proceedings is a fraud by Defendant for the purposes of a Rule 60(b) motion. For those reasons, and considering that Plaintiff has not articulated any extraordinary circumstances justifying relief from the August 11, 2023 Order, Plaintiff's Motion must be denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion Requesting Judge Bloom to Set Aside Order Accepting and Granting Magistrate's Report and Recommendation, **ECF No. [122]**, and Plaintiff's Objection to Judge Beth Bloom's Order Granting Magistrate's Report and Recommendation, **ECF No. [123]**, are **DENIED**.

2. Plaintiff shall comply with the August 11, 2023 Order, ECF No. [121], **by no later than September 4, 2023**.

---

[2] The transcript of the Settlement Conference was filed under seal.

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida on August 21, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035