UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

## ORDER ON SECOND MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Mark A. Turner's "Motion Petition Justice Bloom to Set [Aside] Order Granting Magistrate Report & Recommendation, for Suppression of Transcript Evidence, Denial of Due Process Civil Rules & Procedure Constituting a Reversible Appellant Court Error," ECF No. [125] ("Motion"), which the Court construes as a second motion for reconsideration. Plaintiff contends he was not afforded an opportunity to refer to the "audio tape transcription and the court stenographer transcriptions" to support his argument that Magistrate Judge Otazo-Reyes and Counsel for Defendants omitted an material term of the Settlement Agreement. *Id.* at 2-3. Moreover, Plaintiff believes he was entitled to a hearing before the Court on whether there was a "meeting of the minds" on the Settlement Agreement. *Id.* at 3. Plaintiff thus concludes his case was "nefariously prejudiced," which constitutes an abuse of discretion.

As the Court explained in its Order on Motion for Reconsideration, ECF No. [124], courts may grant relief where there is "fraud . . . , misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(2). Further, the Rule provides that a court may relieve a party from

an order for "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(6). In addition, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014)(internal quotations and citations omitted). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)). A court abuses its discretion when a "relevant factor deserving a significant weight is overlooked, when an improper factor deserving of significant weight is overlooked, or when the court considers the appropriate mix of factors, but commits a palpable error of judgment in calibrating the decisional scales." *See Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). Reconsideration of a previous order is "an extraordinary remedy, to be employed sparingly." *See Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

In its Order adopting the R&R, the Court found that Plaintiff objectively manifested an intent to be bound by the terms of the Settlement Agreement, as shown by the transcript of the settlement conference on May 18, 2023, and failed to adduce any evidence that Defendants had agreed to be bound by the purportedly missing Interest and Penalties term. ECF No. [121] at 9. It thus found the Settlement Agreement was valid and enforceable. *Id.* In its Order on Motion for Reconsideration, the Court stated that it discerned no fraud on the part of Defendants or Judge Otazo-Reyes. ECF No. [124] at 4. Plaintiffs' legally unsupported arguments do not engage with those findings but entirely ignores them. As such, there is no basis for revisiting the Court's determinations and the Motion must be denied.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [125]**, is **DENIED**.

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida on August 29, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035

3