UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION TO QUASH AND SET ASIDE

**THIS CAUSE** is before the Court on Plaintiff Mark A. Turner's ("Plaintiff") Motion to Quash and Set Aside "Justice Bloom['s]" Order Granting Defendant's Motion for Enforcement of Settlement Agreement and "Magistrate Alicia Reyes Otazo" Report & Recommendation, ECF No. [135] ("Motion"). The Court has reviewed the Motion, the record in this case, and is duly advised.

Plaintiff seeks an order to vacate the Court's Order Adopting Report and Recommendation, ECF No. [121], and to reject Magistrate Judge Alicia Otazo-Reyes's Report & Recommendation, ECF No. [110]. In support, Plaintiff contends that he requested "audio and stenographic transcripts" of the Settlement Conference in this action but that he had not received the transcripts. ECF No. [135] at 2, 3-5. In Plaintiff's view, his inability to review the "audio and stenographic transcripts" had prejudicial effect. *Id.* at 2. Moreover, Plaintiff contends there was never a required "Meeting of Minds" with respect to the settlement in this action. *Id.* at 2-3. On this latter point, Plaintiff submits the settlement agreement was invalid.

As a preliminary matter, the Court notes that the Motion violates Local Rule 7.1(a), which requires a motion to "incorporate a memorandum of law citing supporting authorities[.]" S.D. Fla.

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

L.R. 7.1(a). The Motion is devoid of citation to any legal authority; such failure may be sufficient cause for the Court to deny it. *Holden v. Sony Elecs., Inc.*, No. 05-81162-CIV, 2007 WL 9706928, at *1 (S.D. Fla. May 31, 2007).

In any event, the Court considered both of Plaintiff's arguments in its Order on Motion for Reconsideration, ECF No. [124], and its Order Adopting Report and Recommendation, ECF No. [121], respectively, and found those arguments to be misplaced. To that extent, Plaintiff's Motion is a third motion for reconsideration that is due to be denied. *See Zapata v. Folliard*, No. 17-23170-CIV, 2018 WL 8582440, at *2 (S.D. Fla. Aug. 2, 2018) (denying third motion for reconsideration where motion did not indicate a change in controlling law, newly discovered evidence, or clear error).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [135]**, is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035
PRO SE