UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

**OMNIBUS ORDER ON PLAINTIFF'S AMENDED MOTION TO QUASH
AND SET ASIDE AND MOTION FOR ENTRY OF FINAL JUDGMENT**

**THIS CAUSE** is before the Court on Plaintiff Mark A. Turner's ("Plaintiff") Motion to Quash and Set Aside [Judge Bloom's] Order Granting Defendant's Motion for Enforcement of Settlement Agreement Administrative Denial of Due Process and Violation of Constitutional Rights, ECF No. [143] ("Amended Motion to Quash"), and Motion for Entry of Final Judgment, ECF No. [144] ("Motion for Final Judgment"). Plaintiff also filed a Memorandum and Exhibits in Support of Preexistence of Essential Material Terms of Inflated Monthly Mortgage Payments of $590 to $738 Plus Interest and Penalties, ECF No. [145].

Plaintiff represents the Amended Motion to Quash is an amended version of the Motion to Quash filed on October 24, 2023, ECF No. [135], that includes additional authorities in support of the Motion to Quash. ECF No. [143] at 1. The Court has reviewed the Amended Motion to Quash and finds that Plaintiff's authorities do not represent a change in controlling law since the Court enter its Order denying the Motion to Quash and denies it for the reasons stated in the Court's October 24, 2023 Order. *See* ECF No. [138] (denying Motion to Quash in part because motion did not indicate a change in controlling law).

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

Plaintiff also seeks an entry of Final Judgment under Rule 58(d) of the Federal Rules of Civil Procedure on the grounds that the Court's previous Orders indicate that Final Judgment should be entered. ECF No. [144] at 2. Rule 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed R. Civ. P. 58(d). Plaintiff has provided no legal authority supporting that entry of a Final Judgment under Rule 58(d) would be appropriate at this point in the case, but by its plain terms, Rule 58(d) allows a party to request that a court enter a Final Judgment pursuant to Rule 58(a). However, Rule 58(d) is premised on a district court reaching a Final Judgment, but there has been no Final Judgment here. Defendants' Motion to Dismiss with Prejudice is pending before the Court, so the entry of Final Judgment would be premature. *See generally* ECF No. [130]. Plaintiff's Motion for Final Judgment is therefore due to be denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Quash and Set Aside [Judge Bloom's] Order Granting Defendant's Motion for Enforcement of Settlement Agreement Administrative Denial of Due Process and Violation of Constitutional Rights, **ECF No. [143]**, is **DENIED**.

2. Plaintiff's Motion for Entry of Final Judgment, **ECF No. [144]**, is **DENIED**.

3. Plaintiff's Memorandum and Exhibits in Support of Preexistence of Essential Material Terms of Inflated Monthly Mortgage Payments of $590 to $738 Plus Interest and Penalties, **ECF No. [145]**, is **STRICKEN**.

Case No. 22-cv-23028-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 31, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035
PRO SE