UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23028-BLOOM

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC,
and AMROCK, LLC,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court on Defendants Rocket Mortgage, LLC and Amrock, LLC's ("Defendants") Motion to Dismiss for Plaintiff's Failure to Comply with the Court's Order and Request for Attorneys' Fees and Costs, ECF No. [130] ("Motion"). Plaintiff Mark. A. Turner filed a Response, ECF No. [132], and Defendants did not file a reply. The Court has considered the Motion, the Response, the record in this case, the applicable law, and is otherwise duly advised. For the following reasons, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This case involves a mortgage agreement between Plaintiff and Defendants. Plaintiff appearing *pro se* filed his Second Amended Complaint and alleged the following: Plaintiff and Rocket Mortgage, LLC entered into a mortgage agreement. 2d Am. Compl. ¶ 1, ECF No. [26]. On December 23, 2020, Plaintiff and Rocket Mortgage, LLC entered into an agreement setting forth the mortgage loan's terms and conditions. *Id.* ¶ 3. Rocket Mortgage, LLC employed Defendant Amrock, LLC to "close the loan agreement." *Id.* ¶ 2. On May 31, 2022, Rocket Mortgage explained that Plaintiff was in arrears. *Id.* ¶ 4. Defendants disbursed an insufficient and partial payment for

Plaintiff's real estate taxes. *Id.* ¶ 5. Defendants also issued Plaintiff a "refund check" for $2,900.00. *Id.* ¶ 6. The parties attempted to resolve the dispute concerning Plaintiff's loan payments to no avail. *See id.* ¶ 7. Defendants did not "insure or adjust" Plaintiff's real estate tax payment to Miami-Dade County. *Id.* at 5-6. Plaintiff claims that Defendants committed a breach of fiduciary duty (Count I), committed fraud (Counts II and V), are liable for negligence (Count III), and violated the Fair Credit Reporting Act ("FCRA") (Count IV). *See generally* 2d Am. Compl. at 7-8.

In the Motion, Defendants contend the Second Amended Complaint is an impermissible shotgun pleading, fails to state a claim under 12(b)(6), and should be dismissed on that basis.[1] ECF No. [130] at 2, 3. Defendants also contend that dismissal is warranted under Rule 41 for failing to comply with the Court's August 10, 2023 Order that required Plaintiff to execute the Settlement Agreement to which he agreed at the Settlement Conference before the Magistrate Judge, ECF No. [121] at 10 ("August 10, 2023 Order"). ECF No. [130] at 3-5 (citing *Equity Lifestyle Props., Inc. v. Fla. Moving & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Rule 41(b))). Defendants also request attorneys' fees due to Plaintiff's continued bad faith conduct. *Id.* at 5-6.

Defendants had previously filed a motion to dismiss the Second Amended Complaint, ECF No. [35] ("December 2, 2022 Motion"), which the Court had referred to Magistrate Judge Alicia M. Otazo-Reyes for a Report and Recommendations. ECF No. [40]. On May 22, 2023, the Court entered an Order administratively closing the case, which denied all pending motions as moot, including that motion, on the grounds that a Notice of Outcome of Continued Settlement Conference (ECF No. [89]) indicated that the parties had reached a settlement of the claims in this case. ECF No. [91] ("Order Administratively Closing Case").[2]

---

[1] Unless otherwise indicated, all references to the Rules are to the Federal Rules of Civil Procedure.
[2] Since the entry of the Order Administratively Closing Case, the Court has denied Plaintiff's motion to reopen the case. ECF No. [121]. Moreover, the Court has denied multiple motions that the Court found to be unmeritorious. *See* ECF Nos. [124], [128], [138]. Below, the Court will consider the arguments raised by Defendants in the December 2, 2022 Motion because Defendants have not filed an answer in this

Plaintiff responds that the Second Amended Complaint cured the deficiencies in the original Complaint. ECF No. [132] at 2. Plaintiff also asserts that he has not acted in bad faith, arguing that he has a legitimate right to raise objections and motions in opposition to adverse rulings. *Id.* at 2.

## II.   LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When considering a motion to dismiss, the Court construes the pleadings broadly and views the allegations in the complaint in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016); *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

Plaintiff is a *pro se* litigant. Importantly, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and [are] liberally construed." *Tannenbaum v. United*

---

action and the Motion incorporates the arguments in the former motion. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."), Fed. R. Civ. P. 12(g)(2) ("a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party but omitted from its earlier motion*.") (emphasis added).

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "But the leniency accorded pro se litigants does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading to sustain an action." *Matthews, Wilson & Matthews, Inc. v. Capital City Bank*, 614 F. App'x 969, 969 n.1 (11th Cir. 2015) (citing *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010)).

### III.    DISCUSSION

As a preliminary matter, the Court notes, as it has previously, that Plaintiff's pleading contains "a confusing narrative . . . replete with immaterial facts not obviously connected to any particular cause of action." ECF No. [23] at 4-5. Plaintiff's claims appear to be related to Defendants' failure to properly apply payments toward real estate taxes, but the allegations in the Second Amended Complaint are insufficiently clear to allow Defendants to formulate a response. The Second Amended Complaint is therefore a shotgun pleading that violates Rule 8(a)(2). *See Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001) (finding that the complaints in the case were "so vague and ambiguous that [the defendants] [could] not reasonably be required to frame a responsive pleading.").

Relatedly, the Second Amended Complaint fails to state claims for relief. Count I must be dismissed because the Second Amended Complaint fails to adequately allege facts, as opposed to legal conclusions and argument, that support that Defendants owed Plaintiff a fiduciary duty, a necessary element for Plaintiff to prove for Defendants to be liable for a breach of a fiduciary duty. *See Minotty v. Baudo*, 42 So. 3d 824, 835-36 (Fla. 4th DCA 2010) ("The elements of a claim for breach of fiduciary duty are: (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." (citing *Gracey v. Eaker*, 837 So. 2d 348, 353 (Fla. 2002))).

4

Counts II and V must also be dismissed because the Court discerns no facts alleged that support any of the elements of a fraud claim. *Hercules Capital, Inc. v. Gittleman*, 16-cv-81663, 2018 WL 395489, at *21 (S.D. Fla. Jan. 12, 2018) ("A plaintiff must allege four elements to establish a fraud or a fraudulent misrepresentation claim: '(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation.'" (quoting *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010))). It follows that Plaintiff has failed to "state with particularity the circumstances constituting fraud" as required by Rule 9(b). *See Douse v. Boston Sci. Corp.*, 314 F. Supp. 3d 1251, 1257 (M.D. Fla. 2018) (dismissing fraudulent misrepresentation claim for failing to meet the particularity threshold of Rule 9(b)).

Moreover, the Second Amended Complaint alleges that the parties entered into a contract agreement. 2d Am. Compl. ¶¶ 1-4. The Second Amended Complaint alleges no facts constituting a tort that is independent of that relationship. Count III must therefore be dismissed under the independent tort doctrine. *See Burdick v. Bank of Am., N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015) (explaining that an allege duty as necessary to support a negligence claim "cannot stem from a contractual relationship between the parties." (quoting *Tiara Condominium Ass'n Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 408-09 (Fla. 2013) (Pariente, J., Concurring))).

Finally, Count IV must also be dismissed because the Second Amended Complaint failed to allege that Defendants failed to conduct a reasonable investigation of their records to determine whether the information that Plaintiff disputes can be verified. *See Arianas v. LVNV Funding LLC*, 132 F. Supp. 3d 1322, 1326 (M.D. Fla. 2015) ("If a furnisher receives notice of a customer's dispute from a credit reporting agency, the furnisher is required to conduct 'a reasonable investigation of their records to determine whether the disputed information can be verified.'").

Case No. 22-cv-23028-BLOOM

Accordingly, none of the Counts in the Second Amended Complaint state a claim for relief. The Second Amended Complaint is Plaintiff's third attempt at filing a pleading that complies with federal standards. The complete absence of factual allegations supporting the elements of Plaintiff's claims is consistent with the absence of necessary facts to prove those claims. Under theoe circumstances, the Court finds dismissal with prejudice is warranted because amendment would be futile. *See Watkins v. Dejesus*, 786 Fed. App'x. 217, 219 (11th Cir. 2019) (affirming lower court decision denying *pro se* plaintiff leave to amend and holding "[d]ismissal with prejudice may be appropriate if granting leave to amend would be futile because the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007))).[3]

Turning to Defendants' request for attorneys' fees, the Court notes that the request does not comply with the Local Rules. Local Rule 7.3(a) outlines certain requirements for motions seeking attorneys' fees, including that they state the amount sought by Defendants. As such, the Court will deny Defendants' request without prejudice and Defendants may renew their request for attorneys' fees by separate motion.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss for Plaintiff's Failure to Comply with the Court's Order and Request for Attorneys' Fees and Costs, **ECF No. [130]**, is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's Second Amended Complaint, **ECF No. [26]**, is **DISMISSED WITH PREJUDICE** for failure to state a claim for relief and because it is an impermissible shotgun pleading. Defendants' request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

---

[3] Having disposed of the Counts in the Second Amended Complaint, the Court does not reach Defendants' arguments pertaining to Rule 41(b).

Case No. 22-cv-23028-BLOOM

2. To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 4, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Mark A. Turner
1411 SE 26th Avenue
Homestead, FL 33035
*PRO SE*