**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 22-cv-23028-BLOOM/TORRES

MARK A. TURNER,

    Plaintiff,

v.

ROCKET MORTGAGE, LLC and
AMROCK, LLC,

    Defendants.

_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

    This cause comes before the Court on Defendants, Rocket Mortgage, LLC and Amrock, LLC's (collectively, "Defendants") motion for attorneys' fees and costs. [D.E. 165]. Plaintiff, Mark A. Turner, timely filed his response on January 30, 2024. [D.E. 167]. The time for a reply has passed; accordingly, the motion is ripe for disposition.[1] After careful review of the motion, response, and relevant authority, we RECOMMEND that Defendants' motion be **GRANTED in part** and **DENIED in part**.

---

[1] On January 30, 2024, the Honorable Beth Bloom referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 168].

1

## I.  BACKGROUND

This case stems from a mortgage-related dispute between Plaintiff and Defendants. [D.E. 1]. Seemingly, on May 18, 2023, the parties settled their dispute. [D.E. 89]. On June 13, 2023, however, Plaintiff moved to reopen the case and in the subsequent months, Plaintiff filed a variety of motions related to his effort to reopen the case. These motions include: a motion requesting the Court to set aside an order [D.E. 122]; several objections to the Court's adoption of a report and recommendation (effectively motions for reconsideration) [D.E. 123, 125, 129]; and multiple motions to quash the Court's order denying Plaintiff's first motion to reopen the case [D.E. 135, 143].

Ultimately, the Court dismissed Plaintiff's operative complaint with prejudice and provided leave to Defendants to seek their attorneys' fees and costs. [D.E. 148]. Defendants now seek fees and costs. Because Defendants have no statutory or contractual basis for fees, they argue entitlement on the basis of the Court's inherent powers; that is, that Plaintiff's numerous filings were a product of bad faith and caused Defendants to incur fees to litigate those motions.

## II. ANALYSIS

In his response to Defendants' motion, Plaintiff argues primarily that the Court lacks jurisdiction to resolve this motion. Plaintiff separately argues that his filings were not vexatious but were made in an effort to preserve his appellate rights and/or to correct errors by the Court. We will address each argument in turn, before addressing Defendants' unopposed motion for costs.

### A. *Plaintiff's Jurisdictional Arguments*

Plaintiff lodges several jurisdictional objections. First, Plaintiff argues that because the proposed settlement agreement did not include a reservation of jurisdiction, this Court does not have jurisdiction to resolve this motion. Further, Plaintiff argues that because the Court dismissed Plaintiff's claims with prejudice [D.E. 148], the Court has divested itself of jurisdiction. Lastly, Plaintiff argues that because his appeal of the order dismissing this case remains pending, the Court lacks jurisdiction over this case. Each of these arguments are legally untenable.

First, there exists no settlement agreement. Plaintiff refused to execute that agreement despite a court order. [D.E. 121]. Accordingly, the contents of that agreement are irrelevant; Plaintiff's claims were disposed of not via a settlement agreement, but via a motion to dismiss.

Second, the Court did not divest itself of jurisdiction when it dismissed Plaintiff's claims. In that order, the Court made abundantly clear that Defendants' request for attorneys' fees was denied "without prejudice and Defendants may renew their request for attorneys' fees by separate motion." [*Id*. at 6]. Defendants then

3

timely filed their motion for fees pursuant to Federal Rules of Civil Procedure 54(d)(2)(B)(i) and Local Rule 7.3. Accordingly, the Court has jurisdiction to resolve this motion. *Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 965 (11th Cir. 2008) ("The court's award of attorney's fees was collateral to the merits of the case and was therefore within the court's jurisdiction, even after the court determined it lacked subject matter jurisdiction over the underlying suit.").

Lastly, Plaintiff's appeal does not affect the Court's jurisdiction to resolve this motion. "It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed." *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982) (holding that the district court "had jurisdiction over [a motion for attorneys' fees] despite the filing of the notice of appeal"); *see also Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (noting that "we have held that the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case").

### B. *Defendants' Entitlement to Fees*

We now turn to whether Defendants have established entitlement to fees. Generally, "each party bears its own attorneys' fees and costs absent a statutory or contractual entitlement to same." *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1364 (S.D. Fla. 2019) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257 (1975)). That said, courts have inherent power to award attorneys' fees where a non-prevailing party has "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S.

4

32, 44–46 (1991)); *see also Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith.").

"A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Barnes*, 158 F.3d at 1214 (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "In the context of inherent powers, the party moving for sanctions must show *subjective* bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (emphasis in original). To that end, "[e]vidence of recklessness alone won't suffice." *Id*.

Here, Defendants argue that Plaintiff's numerous filings after the parties agreed to settle the dispute constitute "frivolous, bad-faith motions and objections, often asserting the same rejected arguments over and over." [D.E. 165 at 3]. Specifically, Defendants point to Plaintiff's motions to reopen the case [D.E. 92, 94, 95, 96]; Plaintiff's objections to a report and recommendation [D.E. 112]; Plaintiff's motion to "quash" this Court's orders [D.E. 116, 135, 143]; and Plaintiff's several motions for reconsideration. [D.E. 135, 143].

In response, Plaintiff argues that his reason for filing several of the above-referenced motions was to preserve his appellate rights. Moreover, Plaintiff asserts that his motions were necessitated by, in his (errant) view, the Court's clearly erroneous decisions.

5

While we sympathize with Defendants and the expenses they have undoubtedly incurred, we cannot find that Plaintiff's filings, even if voluminous, were made in bad faith. This is especially true against the backdrop that our inherent power to impose sanctions "must be exercised with restraint and discretion." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (11th Cir. 1980)).

We acknowledge that many of Plaintiff's filings are meritless in the sense that they included arguments that had previously been rejected. But we cannot say that, in making those filings, Plaintiff acted with any motive other than a misguided belief that he could advance or resurrect his case. As the Eleventh Circuit has clarified, the standard for imposing fees in this instance "is not about mere negligence." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). And to make this determination, "the court must take into account the plaintiff's pro se status when determine whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) (citing *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)).

Here, taking into account Plaintiff's pro se status, we cannot say that the content of his motions indicate subjective bad faith. *See Ivanovic v. Overseas Mgmt. Co.*, No. 11-80726-CIV, 2012 WL 13129888, at *2 (S.D. Fla. Nov. 5, 2012) (declining to impose sanctions where the pro-se plaintiff's filings after his complaint was dismissed, including objections to a report and recommendation and a motion to vacate an order, although "border[ing] on excessive," were not "made in bad faith and

6

… should not be considered an unreasonable filing, especially in light of Plaintiff's *pro se* status").

Applying the subjective bad-faith test, its quite possible that Plaintiff simply misunderstood the law when he moved numerous times to "quash" this Court's orders [D.E. 116, 135, 143] and moved several times to reopen the case [D.E. 92, 94, 95, 96]. *See Hymowitz v. Supreme Lending*, No. 1:20-CV-3763-WMR, 2021 WL 2585605, at *2 (N.D. Ga. Mar. 26, 2021) (denying motion to impose sanction-based attorneys' fees against a pro-se litigant because "there was no indication that Plaintiffs filed this suit to harass or abuse Defendants" and "the Court recognize[d] that the parties were pro se and may have simply misunderstood the law"); *see also Vierbickas v. Verizon Commc'ns Inc.*, No. 615CV1314ORL41DCI, 2017 WL 1838583, at *2 (M.D. Fla. May 8, 2017) (denying motion for sanction where pro-se "Plaintiff's investigation of the facts and law was neither so frivolous nor so devoid of a good faith effort that it is deserving of sanctions"); *cf. Martins*, 431 F. Supp. 3d at 1366 (imposing sanctions on pro se litigant where she refused representation from the court's volunteer attorney program, refused "to proceed with … trial, notwithstanding the fact that she had attended the pretrial conference four days earlier and gave no indication that she was not ready for trial …, failed to comply with any of the pretrial requirements or court orders leading up to the [rescheduled] trial," and had "been hostile and uncooperative, and her submissions [were] frivolous and inflammatory").

While we understand that Plaintiff's filings caused frustration to Defendants, nothing has been presented to us that shows the filings were "knowingly or

recklessly" pursued for the subjective purpose of harassing Defendants (or for any other bad faith purpose). Rather, it appears that Plaintiff's filings—while voluminous, meritless, and sometimes repetitive—are borne not from bad faith, but from naivete. *See Silverthorne v. Yeaman*, No. 12-20325-CIV, 2018 WL 6919784, at *2 (S.D. Fla. Feb. 26, 2018) ("Ms. Silverthorne is, to use a diplomatic phrase, a tenacious litigant, who seems to have an erroneous understanding of the procedure and the law. This is frustrating for Defendants, no doubt, but there is a distinction between 'lack of merit' and bad faith. … She must follow the rules, of course, but I cannot automatically conclude that her rambling submissions establish bad faith, as opposed to a naïve misunderstanding of applicable legal principles and procedural rules."); *see also Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 780 (11th Cir. 2010) (affirming district court's order denying motion for sanctions against *pro se* plaintiff because "[t]he record d[id] not compel a finding that [the plaintiff] acted in bad faith").

To be clear, we do not condone Plaintiff's practice of filing redundant motions, in which Plaintiff has often sought two (or three, or four) bites at the apple. If Plaintiff, now on notice of this conduct, continues to litigate in this redundant manner, the well may run dry of his plausible deniability. But as of now, the record does not indicate that Plaintiff's conduct necessitates the Court's inherent powers to impose attorneys' fees.

8

C. *Defendants' Costs*

Defendants also seek to tax a modest amount of costs. Rocket Mortgage, LLC seeks to tax $402.00 for removing this action. Both Defendants jointly seek $48.40 in costs (split evenly between the two Defendants) for the cost of printing the transcript of the parties' May 18, 2023 settlement conference. Plaintiff does not advance any argument in response.

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id*. A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Pursuant to section 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Rocket Mortgage, LLC seeks $402.00 for the cost of removing this action (i.e., fees of the clerk and marshal). This cost is certainly recoverable, especially where there is no objection. *See MC & VC Corp. v. Scottsdale Ins. Co.*, No. 21-CV-60729, 2022 WL 395763, at *1 (S.D. Fla. Jan. 24, 2022), *report and recommendation adopted*, No. 21-CV-60729-RAR, 2022 WL 393558 (S.D. Fla. Feb. 9, 2022) (holding that "the filing fee paid by Defendant upon removal is clearly taxable under § 1920(1) as fees of the clerk"); *Romero v. Regions Fin. Corp./Regions Bank*, No. 18-22126-CV, 2019 WL 5212614, at *3 (S.D. Fla. Oct. 9, 2019) (same); *Newman v. Housing Auth. of City of Ft. Lauderdale*, 2007 WL 315098, at *2 (S.D. Fla. Jan. 31, 2007) ("28 U.S.C. § 1920(1) clearly allows for taxation of 'fees of the clerk,' and a removal fee is unquestionably a fee of the clerk."). Accordingly, Defendant, Rocket Mortgage, LLC, is entitled to recover $402.00 for its removal fee.

Additionally, Defendants seek to tax and jointly split the cost ($24.20 each, for a total of $48.40) of printing the transcript of the May 18, 2023 settlement conference. Defendants supply documentation to support this cost. [D.E. 162-A]. This cost, Defendants assert, represents "printed … transcripts necessarily obtained for use in the case." § 1920(2). Given that no objection has been lodged by Plaintiff, and because much of this case was complicated by the parties' settlement negotiations which culminated in a settlement agreement Plaintiff refused to execute (despite a court order), we agree that the printing cost is recoverable. *See MC & VC Corp.*, 2022 WL 395763 at *2 (awarding

printing costs where "based on the representations in the Motion, and without the benefit of a response," the costs were "taxable under either § 1920(3) or § 1920(4)").

### III. CONCLUSION

For the reasons set forth above, we RECOMMEND that Defendants' motion for attorneys' fees and costs [D.E. 165] be **GRANTED in part** and **DENIED in part**.

A. Defendants' motion for attorneys' fees should be **DENIED**;

B. Defendant, Rocket Mortgage, LLC's motion to tax $402.00 for the cost of removing this action should be **GRANTED**;

C. Defendant, Rocket Mortgage, LLC's motion to tax $24.20 for the cost of printing the transcript of the parties' May 18, 2023 settlement conference should be **GRANTED**; and

D. Defendant, Amrock, LLC's motion to tax $24.20 for the cost of printing the transcript of the parties' May 18, 2023 settlement conference should be **GRANTED**;

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal

conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

DONE AND SUBMITTED in Chambers at Miami, Florida, this 19th day of April, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge